# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH L. ENNIS,<br><br>            Plaintiff,<br><br>    v.<br><br>MARTINEZ,<br><br>            Defendant. | Case No.: 1:23-cv-001330-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 12)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Joseph L. Ennis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint was screened, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint is currently before this Court for screening. (ECF No. 12.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.   Plaintiff's Allegations

Plaintiff is currently housed at California Substance Abuse and Treatment Facility where the events in the complaint are alleged to have occurred. Plaintiff names Rose Martinez, LVN nurse, as the sole defendant. Plaintiff alleges a violation of his right to medical care. He alleges as follows:

> The Plaintiff's right to medical care was violated by Defendant Rose Martinez for intentionally denying access to treatment. Plaintiff was denied medical care for a serious medical need and the defendant lied to the Plaintiff about being placed on a list so that Plaintiff could receive medical care from the doctor. On June 28, 2022, the Plaintiff submitted a CDCR 7362 form "sick call slip" regarding "blood in his urine and sperm." On or about June 29, 2022, Plaintiff was called to visit R. Martinez in regards to the submitted "sick call slip." After an altercation but during the visit Martinez stated to the Plaintiff that "he was placed on the list to see the doctor." Because it was taking such a long time to be called for the doctor, the Plaintiff requested a medical staff member to check to see if he had an upcoming appointment? Medical staff informed the Plaintiff he did **not** have an upcoming appointment nor was he placed on any list to see a doctor. Plaintiff then utilized the grievance process in which it was found to be true that Martinez did lie to Plaintiff about being placed on the list to see the doctor and refused to place plaintiff on the list to see the doctor. Plaintiff suffered until finally he was called to see a doctor [due] to the submitted grievance. (emphasis in

original) (unedited text.)

As remedies, Plaintiff seeks declaratory relief, compensatory, punitive and nominal damages.

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but is not a clear statement. Plaintiff claim is founded on being lied to about being placed on a list to see the doctor. He does not allege his physical condition worsened or other harm from not being placed on the list. Plaintiff's conclusory allegations of harm are not sufficient. Plaintiff has been unable to cure this deficiency.

#### B. Eighth Amendment – Medical Care

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825,

1  837 (1994).  "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609
2  F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is
3  shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible
4  medical need" and the indifference caused harm.  *Jett*, 439 F.3d at 1096.  In applying this
5  standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have
6  been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,'
7  'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter
8  Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).  Even gross
9  negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood
10 v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

11       Further, a "difference of opinion between a physician and the prisoner—or between
12 medical professionals—concerning what medical care is appropriate does not amount to
13 deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v.
14 Vild*, 891 F.2d at 242, overruled in part on other grounds, *Peralta v. Dillard,* 744 F.3d 1076,
15 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman, 680 F.3d 1113,* 1122–23 (9th Cir. 2012)) (citing
16 *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the
17 course of treatment the doctors chose was medically unacceptable under the circumstances and
18 that the defendants chose this course in conscious disregard of an excessive risk to [his] health."
19 *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

20       At the pleading stage, Plaintiff has alleged facts that he was in serious medical need.
21 However, Plaintiff has not alleged facts that Defendant Martinez's response to that need was
22 deliberately indifferent.  Plaintiff appears to be complaining about being lied to about being put
23 on the list for the doctor. Plaintiff does not have a constitutional right to be placed on a list to see
24 a doctor.  As to the need for the doctor, the allegations show merely a difference of opinion
25 between Plaintiff and Martinez of whether Plaintiff needed to be on a list. At most, Plaintiff
26 alleges Martinez acted negligently by not placing him on the list.

27       While not clear from the allegations, to the extent Plaintiff is complaining about the delay
28 in seeing a doctor, Plaintiff fails to state a claim.  Indeed, Plaintiff does not allege he was injured

4

by the delay. *Jett*, 439 F.3d at 1098 (delays must result in substantial harm to constitute deliberate indifference). While Plaintiff states he "suffered," Plaintiff's conclusory allegation of harm is insufficient. His allegations are unclear as to the harm; if he suffered merely due to the uncertainty or was physical harm involved. Plaintiff has been unable to cure this deficiency.

### IV.     Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff's first amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to comply with Federal Rules of Civil Procedure 8 and for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 5, 2023**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE